**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BRYAN CHISOLM, ID #1740218,   ) | |
| WENDELL S. CHISOLM,   ) | |
|      Plaintiffs,   ) | |
| vs.   ) | No. 3:13-CV-4808-P-BH |
|   ) | |
| RON SMITH, Captain, et. al,   ) | |
|      Defendants.   ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the claims asserted by Bryan Chisolm against the defendants should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On December 10, 2013, Bryan Chisolm filed a complaint as "amicus curiae" for his wife, Wendell S. Chisolm, that was signed only by him. (*See* doc. 3.) He also filed a brief in support of the complaint that was signed by both. (*See* doc. 5.) Mr. Chisolm sought, and was granted, leave to proceed *in forma pauperis* (IFP). (*See* docs. 6, 9.) After being advised that each plaintiff must file his or her own claims on his or her own behalf, Wendell Chisolm filed an amended complaint on January 6, 2014, and she sought and was granted permission to proceed IFP as well. (*See* docs. 7, 10, 11, 13.) On January 16, 2014, the Court sent each plaintiff a questionnaire to obtain more information about his or her claims. The questionnaires specifically advised the plaintiffs that the answers were due within thirty days, and that a failure to file answers could result in the dismissal of the case. (*See* docs. 14, 15.) More than thirty days from the date of the questionnaire have passed, but Mr. Chisolm has not filed his answers or anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Mr. Chisolm failed to comply with the January 16, 2014 order that he submit his answers to the questionnaire within thirty days despite a warning that failure to do so could result in dismissal of the case. (*See* doc. 15.)  Nor has he filed anything else.  Because Mr. Chisolm failed to follow a court order or otherwise show that he intends to proceed with his case, his claims against the defendants (if any) should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

Bryan Chisolm's claims against the defendants should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he files his answers to the Court's questionnaire within the time for objecting to this recommendation, or some other deadline set by the Court.

**SO RECOMMENDED on this 5th day of March, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE