**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRYAN CHISOLM, ID #1740218,** | ) | |
| **WENDELL S. CHISOLM,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **No. 3:13-CV-4808-P-BH** |
| | ) | |
| **RON SMITH, Captain, et. al,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening.  Based on the relevant filings and applicable law, Plaintiff Wendell Chisolm's claims against the defendants should be dismissed as frivolous.

## I.  BACKGROUND

On December 10, 2013, Plaintiff Wendell Chisolm (Plaintiff) filed a civil action under 42 U.S.C. § 1983 against the DeSoto Police Department (DPD), Captain Ron Smith (Smith), unnamed DPD officers, and the City of DeSoto.[1]  In her amended complaint, filed January 6, 2014, she sues Smith and the unnamed officers in their individual and official capacities for violating her constitutional rights by unlawfully detaining and questioning her on September 9, 2009, by falsely arresting her for tampering with a witness on September 16, 2009,  and by maliciously prosecuting her.  She further asserts that the DPD and the City of DeSoto failed to properly train Smith and the other officers on proper investigative practices. (Amend. Compl. at 1-3, 6-7; Magistrate Judge's Questionnaire (MJQ), Ans. 1, 2). Plaintiff acknowledges that she bonded out of jail on September 19, 2009, and that no further action has occurred.  (MJQ Ans. 5).  Dallas County records reflect that

---

[1] The initial complaint was signed only by Plaintiff's husband, Bryan Chisolm.  After she was advised that he could not represent her, and that she must proceed on her own behalf if she wished to pursue her claims, she filed her own amended complaint.  (*See* docs. 3, 7, 10.)

no criminal charges were filed against her. (*See* www.dallascounty.ord, search for Plaintiff).[2]

## II.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.  SECTION 1983

Plaintiff brings this action under § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, Plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr.*

---

[2]  Bryan Chisolm was arrested on May 6, 2010, eventually pled guilty to a murder that occurred on September 6, 2009, and received a six-year sentence. (*See* www.tdcj.state.tx.us, search for Bryan Chisolm; www.dallascounty.org, search for Cause No . F10-21235

*Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

## A.  Non-Jural Entity

Plaintiff sues the DeSoto Police Department.  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."  *Id.* at 313.  A city police department is not a jural entity subject to suit.  *See, e.g.*, *Williams v. City of Dallas Police Dep't*, No. 3:09-CV-0275-P, 2009 WL 812239, at *2 (N.D. Tex. Mar. 26, 2009) (accepting recommendation of Mag. J.); *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007).[3]  All claims against DPD should therefore be dismissed.

## B.  Statute of Limitations

Plaintiff asserts that Smith and unnamed police officers with the DPD violated her Fourth Amendment rights when they detained and questioned her without reading her rights to her on September 9, 2009, and when they falsely arrested her on September 16, 2009 for tampering with a witness.  She further asserts that the City of DeSoto failed to properly train its police officers.  (Amend. Compl. at 1-3;MJQ Ans. 1, 2).

Courts "may raise the defense of limitations *sua sponte*."  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly

---

[3]  The MJQ specifically advised Plaintiff that DeSoto Police Department is a non-jural entity and asked if she wanted to amend her complaint to add additional defendants.  She declined to name any additional defendant.  (MJQ Ans. 3).

dismissed" under 28 U.S.C. § 1915(e)(2)(B).  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993);

*accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of

limitations applicable in cases filed pursuant to 42 U.S.C. § 1983.  *Wallace v. Kato*, 549 U.S. 384,

387 (2007).  The general statute of limitations governing personal injuries in the forum state

provides the applicable limitations period.  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th

Cir. 2001).  Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had

two years from the date her claims accrued to file suit.  *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651,

653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the

accrual date.  *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008).

Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when

the plaintiff can file suit and obtain relief."  *Wallace*, 549 U.S. at 388 (citation and internal quotation

marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff
> becomes aware that he has suffered an injury or has sufficient information to know
> that he has been injured.'"  A plaintiff's awareness encompasses two elements:  "(1)
> The existence of the injury; and (2) causation, that is, the connection between the
> injury and the defendant's actions."  A plaintiff need not know that she has a legal
> cause of action; she need know only the facts that would ultimately support a claim.
> Actual knowledge is not required "if the circumstances would lead a reasonable
> person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414.

Here, Plaintiff was questioned on September 9, 2009, and arrested on September 16, 2009.

Therefore, her claims accrued no later than September 16, 2009.  *Wallace*, 549 U.S. at 391-92

(holding that the statute of limitations on a claim of false arrest began to run when Wallace appeared

4

before the magistrate, not when he was later released).  Plaintiff's initial complaint was filed on December 10, 2013, more than four years later. (doc. 3 at 1).  Her claims are therefore time-barred in the absence of equitable tolling.

The applicable limitations period may be equitably tolled in appropriate circumstances.  *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998).  "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court.  The federal court may disregard the state tolling rule only if it is inconsistent with federal policy."  *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).  Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956).  However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").  The Fifth Circuit has stated that equitable tolling is appropriate in cases where a plaintiff is either actively misled by the defendant or is prevented in some "extraordinary way" from asserting his rights. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Plaintiff does not allege any basis for equitable tolling; she only asserts, erroneously, that the statute of limitations is three years.  (MJQ Ans. 6).  She has not shown that she has diligently pursued her constitutional claims, and she has failed to allege extraordinary circumstances that warrant equitable tolling.  Her constitutional claims should therefore be dismissed as time-barred.[4]

---

[4] Plaintiff also asserts that she was maliciously prosecuted. (MJQ Ans. 1, 2).  There have been no charges filed against her. Nevertheless, to the extent that she is attempting to assert a separate federal malicious prosecution claim, the Fifth Circuit has held that causing charges to be filed without probable cause, without more, does not violate the Constitution. Therefore, a freestanding § 1983 claim based solely on "malicious prosecution" is not cognizable. *Castellano v.*

## IV.  STATE LAW CLAIM

Plaintiff also appears to assert a state law claim of malicious prosecution. (Amend. Compl. at 3-4).

### A.  <u>Supplemental Jurisdiction</u>

Pursuant to § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact."  *McKee v. Texas Star Salon, LLC*, No. CIV.A.3:06-CV-879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

When all federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to decline exercising jurisdiction over the remaining state law claims.  *Nagy v. George*, No. 3:07-CV-368-K, 2007 WL 2122175, at *10 (N.D. Tex. July 23, 2007), *aff'd*, 286 F. App'x 135 (5th Cir. 2008); *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3).[5]  Nonetheless, this rule is "neither mandatory nor absolute."  *Smith*

---

*Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc).

[5]    Under § 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:
>    (1) the claim raises a novel or complex issue of state law,
>     (2) the claim substantially predominates over the claim or claims over which the district court has
>       original jurisdiction,
>    (3) the district court has dismissed all claims over which it has original jurisdiction, or
>    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
>  28 U.S.C. § 1367(c).

*v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted).  Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances.  *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiff's right.").  In determining whether to exercise supplemental jurisdiction, courts should consider issues of judicial economy, convenience, and fairness to the litigants.  *LaPorte Constr. Co.*, 805 F.2d at 1257; *Nagy*, 2007 WL 2122175, at *10.

Here, the factors weigh in favor of retaining jurisdiction over Plaintiffs' state law claims.  Plaintiff's state claim arises from the same "common nucleus of operative facts" as her federal claims and can be disposed of promptly.  The Court should therefore exercise supplemental jurisdiction over Plaintiffs' state law claims.

## B.  Malicious Prosecution

To state a viable Texas state law claim of malicious prosecution, Plaintiff must allege facts that show: (1) a criminal action was commenced against her; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in her favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff.  *Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir.2001), *citing Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir.1994).  Plaintiff acknowledges that although she was questioned by the police and subsequently arrested, she has never been charged with an offense. (MJQ Ans. 5).  Furthermore, the record reflects that no charge of tampering with a witness, or any other charge, has been filed against Plaintiff in Dallas County.  She has therefore failed to allege facts showing that

a criminal action commenced against her or that any criminal action terminated in her favor.  Her

state law malicious prosecution claim should therefore also be dismissed as frivolous.

## III.  RECOMMENDATION

Plaintiff Wendell Chisolm's claims against the defendants should be **DISMISSED** with

prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 7th day of March, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in
the manner provided by law.  Any party who objects to any part of these findings, conclusions and
recommendation must file specific written objections within 14 days after being served with a copy.
*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify
the specific finding or recommendation to which objection is made, state the basis for the objection,
and specify the place in the magistrate judge's findings, conclusions and recommendation where the
disputed determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate
judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See
Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8